UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**JEFFREY SZILAGYI**,

        Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

        Defendant.

Case No. 3:15-cv-01054-KI

OPINION AND ORDER

    Merrill Schneider
    Schneider Kerr Law Offices
    P.O. Box 14490
    Portland, OR 97293

        Attorney for Plaintiff

    Billy J. Williams
    Acting United States Attorney
    District of Oregon
    Janice E. Hebert
    Assistant United States Attorney

Page 1 - OPINION AND ORDER

1000 SW Third Ave., Ste. 600
Portland, OR 97201-2902

Courtney Garcia
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Jeffrey Szilagyi seeks to obtain judicial review of a decision of an Administrative Law Judge ("ALJ") dismissing his request for a hearing on the denial of his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). The Commissioner has filed a Motion to Dismiss [12]. Since the Court lacks subject matter jurisdiction, this case is dismissed.

## BACKGROUND

Szilagyi filed applications for a period of disability, DIB, and SSI on April 3, 2013. His applications were denied initially and on reconsideration. The agency sent notice (hereinafter "Notice") to Szilagyi that he could appeal this decision and request a hearing, but he must do so within 60 days from the date of the notice. The agency asserts Szilagyi's request for reconsideration was denied on January 17, 2014, but the Notice is undated. Chung Decl. ¶ 3b. The Notice reflected both Szilagyi's address and his attorney's name.

Szilagyi alleges his attorney did not receive the Notice until May 22, 2014. The copy he obtained from the agency on that date was stamped "Received in DO932 February 10, 2014." Pl.'s Compl. ¶ IIId, Attach. 2. Szilagyi filed a request for a hearing on May 22, 2014.

The ALJ dismissed Szilagyi's request for a hearing on July 21, 2014 finding Szilagyi had not given good cause to explain the late request for a hearing. The Appeals Council denied Szilagyi's request for review on April 9, 2015. Szilagyi filed this lawsuit on June 12, 2015.

## LEGAL STANDARDS

The parties agree that 42 U.S.C. § 405(g) does not give this court jurisdiction to review the ALJ's dismissal of Szilagyi's request for review because that section only allows an appeal to the district court of any "final decision of the Commissioner of Social Security made after a hearing . . . ." The ALJ's decision to dismiss Szilagyi's request for a hearing was not a decision "made after a hearing." 42 U.S.C. § 405(g).

Thus, this court has no subject matter jurisdiction to review the ALJ's decision to dismiss Szilagyi's request for a hearing unless he makes a colorable constitutional claim. *Califano v. Sanders*, 430 U.S. 99, 109 (1977). This exception applies to "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (quoting *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001)); see also *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (a failure to exhaust administrative remedies may be waived if plaintiff asserts a colorable constitutional claim).

The ALJ's decision is reviewed under the substantial evidence standard. *Udd*, 245 F.3d at 1100. "Substantial evidence is relevant evidence which, considering the record as a whole, a

reasonable person might accept as adequate to support a conclusion. Substantial evidence is 'more than a mere scintilla, but less than a preponderance.'" *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997) (quoting *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990)).

## DISCUSSION

The Commissioner moves to dismiss Szilagyi's complaint, arguing this court lacks subject matter jurisdiction and that Szilagyi failed to exhaust his administrative remedies. Szilagyi's request for review was due March 23, 2014,[1] but he did not file his request for review until May 22, 2014. Even if the date stamp on the Notice is the date by which the time should be measured, Szilagyi's hearing request should have been filed no later than April 16, 2014.[2]

Szilagyi contends the ALJ's conclusion that counsel received the Notice was not based on substantial evidence. Further, he argues, it is not sufficient that Szilagyi himself may have received the notice because it is the agency's practice and procedure to operate through the claimant's attorney. Here, by failing to notify Szilagyi's attorney, the agency violated Szilagyi's due process rights. Finally, Szilagyi underscores the fact that the Notice was undated, which means there is no indication as to when the clock should have begun running. Given all of these facts, he relies on the colorable constitutional claim exception for this court's subject matter jurisdiction.

---

[1] 60 days plus 5 days for mailing. *See* 20 C.F.R. §§ 404.901 and 416.1401 ("date you receive notice" means 5 days after the date on the notice); 20 C.F.R. §§ 404.914 and 416.1414 (must make timely request for reconsideration to obtain a hearing); 20 C.F.R. §§ 404.909 and 416.1409 (must file written request for reconsideration within 60 days after the date you receive notice).

[2] The stamp does not show conclusively when Szilagyi or his attorney received the Notice, but it is an indication that the Notice was sent around this date.

A constitutional claim is "colorable" if it is not "wholly insubstantial, immaterial, or frivolous." *Evans*, 110 F.3d at 1483 (quoting *Boettcher v. Sec'y of Health & Human Serv.*, 759 F.2d 719, 722 (9th Cir. 1985)).  However, no "mere allegation of a denial of due process" will suffice, otherwise "[e]very disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review." *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1993).

The Commissioner's exhibits demonstrate the agency followed its standard practice of notifying both Szilagyi and his attorney by sending a copy of the Notice to each of them. Szilagyi does not report that his address changed, his attorney's address changed, or that neither had trouble receiving mail from the agency on his claim before or after. Notably, Szilagyi does not assert that he did not receive the Notice, only that his attorney did not receive it. Finally, Szilagyi does not allege that he suffered from any mental impairments or that he lacked the mental capacity to request review. *See Udd*, 245 F. 3d at 1100 ("overwhelming evidence from [claimant's] medical records indicat[ed] that he lacked the mental capacity to understand the procedures for review"); *see also* SSR 91-5p, 1991 WL 208067 (factors to consider in determining whether claimant lacked mental capacity to understand how to request review).

Whether the Notice was issued January 27, 2014, as attested to by the agency, or sometime around February 10, 2014 as reflected by the local district office's date stamp, Szilagyi's request for hearing was untimely. He never alleged he did not receive the Notice, nor did he allege any mental impairments affected his ability to understand the procedures he was required to follow. Thus, the ALJ's decision is supported by substantial evidence. *See Forman v. Colvin*, No. 3:13-cv-00589-SI, 2013 WL 5462376 (D. Or. Sept. 30, 2013) (dismissing

Page 5 - OPINION AND ORDER

complaint for lack of subject matter jurisdiction; "presumption of regularity supports the official acts of public officers" and mailbox rule raises rebuttable presumption of receipt to avoid "swearing contest"); *Fraker v. Colvin*, No. 6:12-cv-02349-AA, 2013 WL 5524506 (D. Or. Oct. 1, 2013) (dismissing complaint for lack of subject matter jurisdiction; insufficient to allege that claimant's attorney did not receive notice, without stating that claimant did not receive notice or that she suffered from an impairment interfering with ability to respond).

Szilagyi fails to raise a colorable constitutional claim that implicates federal jurisdiction and as a result I must dismiss his complaint.

## CONCLUSION

Defendant's Motion to Dismiss [12] is granted. Judgment will be entered.

IT IS SO ORDERED.

DATED this  23rd   day of December, 2015.


　　　　　　　　　　　　　　　　 /s/ Garr M. King
　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　United States District Judge

Page 6 - OPINION AND ORDER